## Frank G. Clark, Defendant in Error, v. Mid-Kansas Milling Company, Plaintiff in Error.

### Gen. No. 15,878.

1. EVIDENCE—*what not essential to competency of proof of custom.* If a custom be general, knowledge thereof is not essential, as a person entering into a contract in the ordinary course of business is presumed to have done so in reference to any existing general usage or custom relating to such business.

2. APPEALS AND ERRORS—*when absence of evidence cannot be urged.* If waiver of particular proof has been made the party so waiving cannot urge the absence of proof so waived.

3. SALES—*what establishes ability to pay.* Ability upon the part of the purchaser to pay for merchandise ordered is established by the purchaser subsequently going into the market and making a like purchase at an advance in price.

Error to the Municipal Court of Chicago; the Hon. GEORGE J. COWING, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1909. Affirmed. Opinion filed October 25, 1911.

CLARK & CLARK, for plaintiff in error.

No appearance for defendant in error.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

Defendant in error instituted his suit in attachment

in the Municipal Court against plaintiff in error, a Kansas corporation, upon a claim for damages alleged to have accrued to defendant in error by reason of the failure of plaintiff in error to deliver a car of flour according to sample, whereby defendant in error was obliged to purchase other flour in the market at an advance in cost of $200 over the contract price. A trial by the court without a jury resulted in a finding and judgment against plaintiff in error for $200, to reverse which judgment this writ of error is prosecuted.

On March 27, 1909, defendant in error received from plaintiff in error a communication as follows:

"We are sending mail sample of our 95% straight of which we have 250 bbls., packed in 141 lb. jutes. Please quote us your best price prompt shipment."

On March 29th, defendant in error wrote to plaintiff in error as follows:

"I have your favor of the 27th, also sample of 95%. The flour is not as strong as some of the 95% Patent coming in here, I will however give you $4.80 per barrel delivered in Chicago in plain 141 lb. jute sacks, arrival draft terms. If you can accept kindly wire."

Upon receipt of the offer on March 31st, plaintiff in error wired its acceptance to defendant in error, and shipped a car of flour which arrived in Chicago on April 7th following.

Defendant in error refused to accept the flour, claiming it was unsound, and so notified plaintiff in error by wire on April 7th. The latter wired on April 8th that the flour shipped was exactly as sample sent, and requested defendant in error to protect draft. Defendant in error then wrote to plaintiff in error as follows:

"This confirms my wire to you that your car of flour had arrived and inspects unsound, and asking you to advise disposition. I am now in receipt of your wire that flour was shipped exactly like sample and asking me to protect draft. I am very much surprised at your taking this position as evidently you know the flour was unsound when you shipped it.

"I regret exceedingly that the flour did not come in sound as it would have found ready sale, however you can readily understand that I cannot accept this car of unsound flour on contract particularly at any such price when I bought sound flour and I want flour like what I bought.

"Your draft was made sight and protested yesterday. I tried to get the bank to hold the draft but they declined evidently under your instructions. This was a needless expense, as had the flour been all right your draft would have been paid but being all wrong I would not pay it under any circumstances.

"I do not think this flour as unsound as it is would bring over $4.25 to $4.30 jute Chicago."

On April 9th defendant in error wired plaintiff in error as follows:

"You must ship car sound flour on contract, or will be compelled to buy against it and charge you difference. Advise."

Defendant in error received no reply to his last wire and on April 10th he purchased 250 barrels of flour at an advance of eighty cents a barrel to supply his customers.

It is first insisted that the trial court improperly admitted evidence of a custom to the effect that a car of flour offered for sale by sample is understood to be sound unless otherwise specified. In one or two instances, when evidence of such a custom was sought to be offered, the only objection interposed was that plaintiff in error was not shown to have had any familiarity with it. If the custom in question had any relevancy to the case, evidence of its existence was not improperly admitted over the objection of plaintiff in error. In Steidtman v. Joseph Lay Co., 234 Ill. 84, it was held that a person entering into a contract in the ordinary course of business is presumed to have done so in reference to any existing general usage or custom relating to such business; and that this is so whether he knew of the custom or not. In Samuels v. Oliver, 130 Ill. 73, it was held that a person dealing

at a particlar market must be taken to have dealt according to the known general custom and usage of that market.

We are unable to appreciate the relevancy of the custom in question to the facts in this case, but the admission of evidence as to such custom was not harmful to plaintiff in error, because the evidence discloses that the flour shipped by plaintiff in error did not conform to the sample, in this, that a large portion of it was unsound—milled from musty wheat—and was wet, while the sample was sound and dry.

Plaintiff in error is in no position to raise the question that defendant in error failed to show that the flour which was inspected by the Board of Trade inspector and found by him to be unsound, was actually taken from the car. Defendant in error offered a witness to prove that fact, whereupon counsel for plaintiff in error expressly waived such proof.

It is further urged that there is no evidence tending to show that defendant in error was ready, able and willing to receive the car of flour in question and pay for the same, and that in the absence of such proof, a finding for defendant in error cannot be sustained. If defendant in error had been ready and willing to take the car of flour in question, we should, doubtless, have been relieved of the duty of considering the record in this litigation. The ability of defendant in error to pay for the flour, if it had complied with the sample, was not questioned in the court below, and we are of opinion that his ability in that regard was sufficiently evidenced by the fact that within three days he actually purchased the same quantity of flour at an advance of eighty cents a barrel over the contract price.

When plaintiff in error failed to reply to the wire of defendant in error on April 9th, the latter was justified in purchasing at the market price on April 10th, the like quantity and quality of flour as that contracted for with plaintiff in error, for the purpose of

supplying his customers. The market price of such flour on April 10th, and the price then paid therefor by defendant in error, is shown to have been $5.60 per barrel, being an advance of eighty cents a barrel over the contract price.

There is no substantial error in the record and the judgment is affirmed.

*Judgment affirmed.*